UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ORIGINAL**

**12 CV 5043**

In the Matter of the Arbitration between

ONEBEACON AMERICA INSURANCE CO.,

Petitioner,

-and-

SWISS REINSURANCE AMERICA CORP.,

Respondent.

No. 12-cv-

**PETITION TO APPOINT
AN ARBITRATOR**

---

Petitioner, OneBeacon America Insurance Company, by its attorneys,

Chadbourne & Parke LLP, for its petition against respondent, Swiss Reinsurance

America Corporation, alleges as follows:

**NATURE OF PROCEEDING**

1.     Petitioner seeks the Court's assistance, pursuant to section 5 of the Federal

Arbitration Act (the "FAA"), 9 U.S.C. § 5 (2012), in constituting a reinsurance arbitration

panel after a dispute arose between the parties.  As discussed below, respondent has

failed to proceed with selecting an umpire (*i.e.*, a neutral arbitrator), as required by the

arbitration clause in the parties' reinsurance contract.  Petitioner will ask this Court either:

(i) to require respondent to proceed with the selection of an umpire/neutral arbitrator,

under Court supervision, pursuant to the procedure established by the parties' reinsurance

contract; or, in the alternative, (ii) to appoint an umpire/neutral arbitrator from a slate of

three nominees to be provided by petitioner.

2.     Reinsurance is the contractual transfer of risk from a direct insurer (the

"cedent") to another insurer (the "reinsurer") whereby the reinsurer (here, Swiss

Reinsurance America Corporation) "assumes" from the cedent (here, OneBeacon

America Insurance Company) all or a portion of the risk that the cedent originally

accepted from its insured under one or more insurance policies.

## PARTIES

3.     OneBeacon America Insurance Company ("OneBeacon") is an insurance

company organized under the laws of the Commonwealth of Massachusetts with its

principal offices located in Canton, Massachusetts.

4.     Swiss Reinsurance America Corporation ("Swiss Re") is an insurance

company organized under the laws of the State of New York with its principal offices

located in Armonk, New York.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over the parties pursuant to 28

U.S.C. § 1332; the citizenship of the parties is diverse and the amount in controversy

exceeds $75,000, exclusive of attorneys' fees and costs.

6.     Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1) & (2);

defendant resides in this district and a substantial part of the events giving rise to the

claim occurred in this district.

## BACKGROUND

7.     A predecessor of OneBeacon insured Avondale Shipyards, Inc.

("Avondale") in the 1950s, 1960s and 1970s.  Thousands of individuals have asserted

asbestos-related bodily injury claims against Avondale.

8.     Avondale sought insurance coverage from OneBeacon, who over time, has

paid many Avondale asbestos bodily injury claims.  Because the claims arose from

Avondale's premises and not from any Avondale products, they are considered non-

2

April 23, 2012, OneBeacon sent an amended arbitration demand to Swiss Re. See Ex. 2 (OneBeacon's amended arbitration demand). Swiss Re acknowledged receipt of OneBeacon's arbitration demand and amended arbitration demand, and subsequently appointed a party-appointed arbitrator, as required by the MLRT. Swiss Re asserted it was proceeding despite its stated belief the prior arbitration precluded OneBeacon from ever recovering reinsurance from Swiss Re for the Avondale Non-Products Claims.

14.     At this point, OneBeacon has appointed Susan Claflin as its party appointed arbitrator, and Swiss Re has appointed Jonathan Rosen as its party appointed arbitrator. The parties' next step is to select an umpire/neutral arbitrator, thus readying the arbitrator panel to be constituted so the dispute can proceed.

15.     Article XVII of the MLRT -- captioned "Arbitration" -- provides, in part:

> The board of Arbitration shall consist of one arbitrator to be chosen by the Reinsurer [Swiss Re] and one arbitrator to be chosen by the Company [OneBeacon], and, an umpire to be chosen as promptly as possible by the two arbitrators. If the two arbitrators are unable to agree upon an umpire each arbitrator shall name three candidates, two of whom shall be declined by the other arbitrator and the choice shall be made between the two remaining candidates by drawing lots.

16.     However, Swiss Re now refuses to discuss the selection of an umpire/neutral arbitrator with OneBeacon; on June 19, 2012, Swiss Re's counsel wrote, stating:

> As you are aware, it remains Swiss Re's position that the matter One Beacon seeks to arbitrate previously has been fully and finally arbitrated between the parties and reduced to a court judgment. Accordingly, Swiss Re declines to participate in a dialogue regarding the selection of an umpire and relies on the court judgment against your client.

17.     In the arbitration, OneBeacon seeks to recover in excess of $1.2 million from Swiss Re as Swiss Re's proportionate share of paid Avondale Non-Products Claims.

## FIRST CAUSE OF ACTION

18.     OneBeacon repeats and realleges the allegations contained in paragraphs 1 through 17 as if fully set forth here.

19.     The MLRT constitutes a transaction involving interstate commerce, to which the FAA is applicable.

20.     Section 5 of the FAA provides that in the event an agreed methodology for the appointment of an umpire lapses "the court shall designate and appoint an . . . Umpire." 9 U.S.C. § 5.

21.     The circumstances described above establish that there has been a lapse in the appointment of an umpire pursuant to section 5 of the FAA.

22.     OneBeacon thus respectfully requests that this Court either (i) direct Swiss Re to participate (under Court supervision) in the umpire selection process set forth in Article XVII(b) of the MLRT or, in the alternative, (ii) appoint an umpire from a slate of three candidates to be nominated by OneBeacon.

WHEREFORE, OneBeacon respectfully requests that this Court:

(i)     enter an Order directing Swiss Re to participate under Court supervision in umpire selection pursuant to the parties' arbitration agreement or, in the alternative, appointing one of three umpire candidates to be nominated by OneBeacon;

(ii)    retain jurisdiction over this matter until an umpire is selected and a complete panel of arbitrators is formally constituted; and

(iii)    award to OneBeacon such other and further relief as to this

Court seems just and proper.

Dated:   New York, New York
          June 27, 2012

Respectfully submitted,

CHADBOURNE & PARKE LLP

By: _____
John F. Finnegan (JF-3336)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Tel. (212) 408-5100
Fax (212) 541-5369
jfinnegan@chadbourne.com

David M. Raim
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036
Tel. (202) 974-5600
Fax (202) 974-6739
draim@chadbourne.com

Attorneys for Petitioner, OneBeacon
America Insurance Company

6

CHADBOURNE
& PARKE LLP

1200 New Hampshire Avenue NW, Washington, DC 20036
tel (202) 974-5600  fax (202) 974-5602

David M. Raim
direct tel (202) 974-5625  direct fax (202) 974-5904
draim@chadbourne.com

February 17, 2012

**Via Email**
Andrew Earl
    and
Paul Burgess
Swiss Reinsurance America
Resolute Management Services Limited
33 St. Mary Axe
London EC3A 8LL
United Kingdom

       Re:  Demand for Arbitration

Dear Messrs. Earl and Burgess:

       We are counsel for One Beacon Insurance Company ("One Beacon").  One Beacon hereby demands arbitration against Swiss Reinsurance America Corporation ("Swiss Re") under the Multiple Line Excess Cover reinsurance contract (first, second and third layers).  In the arbitration, One Beacon will seek (a) the sum of $1,220,461.26, which is Swiss Re's share of sums paid by One Beacon as respects asbestos non-products bodily injury claims covered under policies issued to Avondale Shipyards; (b) interest on that amount; (c) attorneys' fees; and (d) such other relief as the panel deems appropriate.  One Beacon reserves the right to amend this demand.

       Please acknowledge receipt of this arbitration demand.  Please ask your arbitration counsel to contact the undersigned to discuss this matter.

                Very truly yours,

                David M. Raim

DMR:dw

cc: James J. McKay
    Brian Bendig, Esq.

CHADBOURNE
& PARKE LLP

1200 New Hampshire Avenue NW, Washington, DC 20036
tel (202) 974 5600  fax (202) 974-5602

David M. Raim
direct tel (202) 974-5625  direct fax (202) 974-5904
draim@chadbourne.com

April 23, 2012

VIA E-MAIL

Howard Page
Reinsurance Claims Manager
Resolute Management Services Limited
London Underwriting Centre
6th Floor
3 Minster Court
London EC3R 7DD
United Kingdom

   Re: OneBeacon Insurance Company ("OneBeacon") v. Swiss Reinsurance
     America Corporation ("Swiss Re") - Avondale Shipyards

Dear Howard:

   This is further to your e-mail of 16 April, 2012 regarding the captioned matter.

   First, you are incorrect when you state that "OneBeacon's arbitration demand is itself deficient as it does not name OneBeacon's arbitrator". Under Article XVII of the Multiple Line Excess Cover Reinsurance Contract (the "Contract"), the petitioner does not need to include the name of its arbitrator in the arbitration demand in order for the demand to be valid. Rather, under Article XVII(c), upon the naming of an arbitrator by one party or another, the other binds itself to name an arbitrator within one month thereafter. In any event, your complaint is now moot as OneBeacon hereby names Susan Claflin as its arbitrator in the matter (a copy of her C.V. is enclosed). The Contract requires the arbitrators to be current executive officers of insurance companies. In my e-mail of 29 February, 2012, I asked Swiss Re to have its counsel contact me to discuss whether and/or under what circumstances the parties would or would not agree to modify the Contract for this arbitration to allow former or retired officers of insurance companies to serve as arbitrators. Having received no response from Swiss Re to this e-mail, OneBeacon will insist on compliance with the terms of the Contract requiring the arbitrators to be current executive officers of insurance companies. We await receipt of Swiss Re's appointment within a month.



New York  Washington  Los Angeles  Houston  Mexico City  London (a multinational partnership)  Moscow  St. Petersburg  Warsaw  Kyiv  Almaty  Dubai  Beijing