UNITED STATES DISTRICT COURT
DISTRICT CCOURT DISTRICT OF NEW YORK

In the Matter of the Arbitration between

ONEBEACON AMERICA INSURANCE CO.,

Petitioner,

-and-

SWISS REINSURANCE AMERICA CORP.,

Respondent.

No. 12-cv 5043 (CS/LMS)

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO APPOINT AN ARBITRATOR**

CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Tel. (212) 408-5100
Fax (212) 541-5369

and

1200 New Hampshire Ave., N.W.
Washington, D.C. 20036
Tel. (202) 974-5600
Fax (202) 974-6739

Attorneys for Petitioner, OneBeacon America Insurance Company

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..... ii

FACTUAL BACKGROUND ..... 1

ARGUMENT ..... 4

SECTION 5 OF THE FAA EMPOWERS THIS COURT TO APPONT AN ARBITRATOR WHERE, AS HERE, A "LAPSE" HAS OCCURRED ..... 4

CONCLUSION ..... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

National Union Fire Ins. Co. v. Belco Petroleum Corp., 88 F.3d 129 (2d Cir. 1996)........5

Neptune Maritime, Ltd. v. H&J Isbrandtsen, Ltd., 559 F. Supp. 531 (S.D.N.Y. 1983)........4

Schulze & Burch Biscuit Co. v. Tree Top, Inc., 642 F. Supp. 1155 (N.D. Ill. 1986), aff'd, 831 F.2d 709 (7th Cir. 1987)........4

United States Fire Ins. Co. v. National Gypsum Co., 101 F.3d 813 (2d Cir. 1996)........5

**STATUTES**

Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. (2012)........1, 4

UNITED STATES DISTRICT COURT
DISTRICT CCOURT DISTRICT OF NEW YORK

In the Matter of the Arbitration between

ONEBEACON AMERICA INSURANCE CO.,

Petitioner,

-and-

SWISS REINSURANCE AMERICA CORP.,

Respondent.

No. 12-cv 5043 (CS/LMS)

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO APPOINT AN ARBITRATOR**

Petitioner, OneBeacon America Insurance Company ("OneBeacon"), submits this Memorandum of Law in support of its petition for an order pursuant to section 5 of the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. (2012) (the "FAA"), appointing one of three umpire candidates to be nominated by OneBeacon. In the alternative, One Beacon would ask the Court to compel respondent, Swiss Reinsurance America Corporation ("Swiss Re"), to participate under Court supervision in the selection of an umpire/neutral arbitrator pursuant to the terms of the arbitration clause in the parties' reinsurance contract.

**Factual Background**

A predecessor of OneBeacon insured Avondale Shipyards Inc. ("Avondale"). See Petition, ¶ 7. Thousands of individuals have asserted asbestos-related bodily injury claims against Avondale. Id. Because those claims arose from alleged exposures at

Avondale's premises, and not from any product manufactured or distributed by Avondale, the claims are considered non-products claims for insurance and reinsurance purposes. Avondale tendered the asbestos-related bodily injury claims (the "Avondale Non-Products Claims") to its insurers, OneBeacon included. Petition, ¶ 8. OneBeacon subsequently paid substantial amounts in indemnity and incurred significant defense costs in connection with the Avondale Non-Products Claims. Id.

OneBeacon's exposure under certain Avondale policies was reinsured, in part, by Swiss Re pursuant to a Multi-Line Reinsurance Treaty (the "MLRT"). Petition, ¶ 9. OneBeacon sought to recover a portion of its indemnity and expense payments pertaining to the Avondale Non-Products Claims from Swiss Re under the MLRT. Petition, ¶ 10. Swiss Re disputed liability for the amounts billed to it. Id. This dispute was submitted to arbitration. Id. The panel concluded that OneBeacon was not entitled to recover based on the "manner" it had billed Swiss Re. Id.; see also Affidavit of John F. Finnegan, sworn to on July 18, 2012 (the "Finnegan Aff."), at Ex. 2.

Following the arbitration panel's ruling, OneBeacon re-billed Swiss Re on the Avondale Non-Products Claims. Petition, ¶ 11. OneBeacon's re-billing used a different methodology to aggregate claims than OneBeacon had previously used. Id. During the parties' arbitration, OneBeacon had understood Swiss Re to indicate that the manner in which OneBeacon aggregated Avondale Non-Products Claims in OneBeacon's rebilling would be appropriate. Petition, ¶ 11. Nonetheless, Swiss Re objected to OneBeacon's re-billing and declined to pay it, following which OneBeacon demanded a second arbitration. Petition, ¶ 12.

OneBeacon appointed Susan Claflin as its party arbitrator in the second arbitration; Swiss Re appointed Jonathan Rosen as its party arbitrator. Petition, ¶ 14. (Upon appointing Mr. Rosen, Swiss Re expressly reserved its right to argue that the second arbitration was barred by res judicata. Finnegan Aff., Ex. 4.)

Ms. Claflin, OneBeacon's party-arbitrator, telephoned Mr. Rosen, Swiss Re's party-arbitrator, in an effort to discuss umpire/neutral arbitrator candidates and to move forward with the next step in the arbitration, namely, the selection and appointment of an umpire/neutral arbitrator. Id. Ms. Claflin's entreaty was required by, and is consistent with, the MLRT, which provides at article XVII(b):

> The board of Arbitration shall consist of one arbitrator to be chosen by the Reinsurer [Swiss Re] and one arbitrator to be chosen by the Company [OneBeacon], and, an umpire to be chosen as promptly as possible by the two arbitrators. If the two arbitrators are unable to agree upon an umpire each arbitrator shall name three candidates, two of whom shall be declined by the other arbitrator and the choice shall be made between the two remaining candidates by drawing lots.

Finnegan Aff., Ex. 1, at Art. XVII(b).

In response to Ms. Claflin's overture, Swiss Re (through its counsel) advised OneBeacon that Swiss Re "decline[d] to participate in a dialogue regarding the selection of an umpire." Finnegan Aff., Ex. 4. A June 19, 2012 email from Swiss Re's counsel states:

> I understand that Susan Claflin [One Beacon's party arbitrator] has reached out to the arbitrator Swiss Re appointed (subject to a reservation of our rights with respect to the res judicata issue). Apparently Susan wanted to discuss a selection procedure and/or candidates for umpire in this matter. As you are aware, it remains Swiss Re's position that the matter One Beacon seeks to arbitrate previously has been fully and finally arbitrated between the parties and reduced to a court judgment. Accordingly, Swiss Re declines to participate in a

> dialogue regarding the selection of an umpire and relies on the court judgment against your client.

Id.

## ARGUMENT

### SECTION 5 OF THE FAA EMPOWERS THIS COURT TO APPONT AN ARBITRATOR WHERE, AS HERE, A "LAPSE" HAS OCCURRED

Section 5 of the FAA provides that where an arbitration agreement contains a method for naming an umpire "such method shall be followed." 9 U.S.C. § 5 (2012). Section 5 also provides that where "any party [to an arbitration provision] shall fail to avail himself of [the prescribed] method [for naming or appointing an umpire], or if for any other reason there shall be a lapse in the naming of an umpire . . . , then upon the application of either party to the controversy the court shall designate and appoint an umpire as the case may require." Id.

By its express terms, section 5 gives this Court authority to appoint an umpire where, as here, Swiss Re has declined to participate in the selection of an umpire using the procedure set forth in the parties' agreement to arbitrate. See generally Schulze & Burch Biscuit Co. v. Tree Top, Inc., 642 F. Supp. 1155, 1157 (N.D. Ill. 1986), aff'd, 831 F.2d 709 (7th Cir. 1987); Neptune Maritime, Ltd. v. H&J Isbrandtsen, Ltd., 559 F. Supp. 531, 533 (S.D.N.Y. 1983). Section 5 does not require the Court to follow a specific procedure when appointing an umpire. The Court has discretion to fashion the procedure it chooses to use.

One Beacon submits that the most appropriate method for selecting an umpire in this case is one that tracks as closely as possible the parties' arbitration agreement (article XVIII of the MLRT), while recognizing that by its conduct, Swiss Re has forfeited any right it might otherwise have had to participate in the process. Specifically, OneBeacon believes that the Court should require OneBeacon to submit to the Court a slate of three umpire candidates from which the Court would then select one of the individuals to serve as umpire. [1]

---

[1] The reason articulated by Swiss Re for refusing to participate in the umpire selection process (as required by the MLRT) is specious. According to Swiss Re, there is no need for a second arbitration. In Swiss Re's view, the first panel's award is res judicata. However, the preclusive effect, if any, to be given to an arbitration award is itself an arbitral issue. E.g., United States Fire Ins. Co. v. National Gypsum Co., 101 F.3d 813 (2d Cir. 1996); National Union Fire Ins. Co. v. Belco Petroleum Corp., 88 F.3d 129 (2d Cir. 1996). In other words, questions concerning issue preclusion (res judicata and collateral estoppel included) are arbitral issues that properly are only decided in arbitration, meaning that here, OneBeacon's and Swiss Re's dispute concerning the interpretation and effect to be given to the prior arbitration panel's award alone establishes that a second arbitration is necessary and that Swiss Re's refusal to proceed with the selection of an umpire is unwarranted.

**CONCLUSION**

For the reasons set forth above, OneBeacon respectfully requests that this Court:

(i) enter an Order that appoints one of three umpire candidates to be nominated by OneBeacon or, in the alternative, directs Swiss Re to participate under Court supervision in umpire selection pursuant to the MLRT; [2]

(ii) retain jurisdiction over this matter until a panel of arbitrators is formally constituted; and

(iii) award to OneBeacon such other and further relief as to this Court seems just and proper.

Dated: New York, New York
July 18, 2012

Respectfully submitted,

CHADBOURNE & PARKE LLP

By: ______________________________
John F. Finnegan (JF-3336)
A Member of the Firm
30 Rockefeller Plaza
New York, NY 10112
Tel. (212) 408-5100
Fax (212) 541-5369
jfinnegan@chadbourne.com

---

[2] Assuming this Court concludes that the appropriate procedure for appointing an umpire is to select one of three umpire candidates whom OneBeacon nominates, OneBeacon will provide the Court with a slate of candidates within two business days following receipt of a request (or direction) to provide this information.

David M. Raim
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036
Tel. (202) 974-5600
Fax (202) 974-6739
draim@chadbourne.com

Attorneys for Petitioner, OneBeacon America Insurance Company

**DECLARATION OF SERVICE**

JOHN F. FINNEGAN hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

On July 18, 2012, I served the attached Memorandum of Law upon defendant's counsel by email addressed to:

mvyskocil@stblaw.com

dedwards@gmail.com

In addition, I caused a paper copy of the Memoranum to be hand delivered to defendant's counsel addressed to:

David B. Edwards, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

John F. Finnegan