IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
ONEBEACON AMERICA INSURANCE CO., :
:
    Petitioner, :
:
v. :  No. 12 Civ. 05043 (CS)(LMS)
:
SWISS REINSURANCE AMERICA CORP., :
:
    Respondent. :
:
:
:
---------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF SWISS REINSURANCE AMERICA CORPORATION'S MOTION TO DISMISS OR TRANSFER THE PETITION OR IN THE ALTERNATIVE TO ENJOIN DUPLICATIVE ARBITRATION PURSUANT TO SECTION 4 OF THE FEDERAL ARBITRATION ACT**

              Mary Kay Vyskocil
              Jeffrey L. Roether
              Simpson Thacher & Bartlett LLP
              425 Lexington Avenue
              New York, NY 10017-3954

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ..................................................................................................................................2

    I.      The Southern District of New York Is An Improper Venue ..................................2

    II.     Even If Venue In The Southern District Of New York Were Proper, All Relevant Factors  Favor Transfer To The District Of Massachusetts .....................4

    III.    In The Alternative, The Court Should Enjoin Arbitration In The Event That It Finds The Southern District of New York To Be A Proper Venue.............9

CONCLUSION ..............................................................................................................................10

## TABLE OF AUTHORITIES

### Cases

*ACEquip Ltd. v. American Engineering Corp.*, 315 F.3d 151 (2d Cir. 2003) ............................. 3, 4

*Cieszkowska v. Gray Line New York*, 295 F.3d 204 (2d Cir. 2002) ............................................. 10

*Coker v. Bank of Am.*, 984 F. Supp. 757 (S.D.N.Y. 1997) ............................................................. 8

*Crow Constr. Co. v. Jeffrey M. Brown Assocs., Inc.*, No. 01 Civ. 3839, 2001 WL 1006721 (S.D.N.Y. Aug. 31, 2001) .......................................................................................... 6

*Dover Ltd. v. Assemi*, No. 08 Civ. 1337, 2009 WL 2870645 (S.D.N.Y. Aug. 5, 2009) ................ 8

*Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370 (S.D.N.Y. 2006) ........................ 8

*G. Angel Ltd. v. Camper & Nicholsons USA, Inc.*, No. 06 Civ. 3495, 2008 WL 351660 (S.D.N.Y. Feb. 8, 2008) ............................................................................................................. 5

*Grace v. Bank Leumi Trust Co. of N.Y.*, No. 02 Civ. 6612, 2004 WL 639468 (S.D.N.Y. Mar. 31, 2004) ............................................................................................................ 9

*J.P. Morgan Sec. Inc. v. La. Citizens Prop. Ins. Corp.*, 712 F. Supp. 2d 70 (S.D.N.Y. 2010) .................................................................................................................................. 2, 7

*Meyers v. Allstate Ins. Co.*, No. 08 Civ. 4769, 2009 WL 804672 (S.D.N.Y. Mar. 26, 2009) ........................................................................................................................................ 8

*Monahan v. New York City Dep't of Corr.*, 214 F.3d 275 (2d Cir. 2000) ..................................... 9

*Motion Picture Lab. Technicians Local 780 v. Mc Gregor & Werner, Inc.*, 804 F.2d 16 (2d Cir. 1986) ............................................................................................................................ 6

*Solar v. Annetts*, 707 F. Supp. 2d 437 (S.D.N.Y. 2010) ................................................................ 8

*TechnoMarine S.A. v. Giftports, Inc.*, No. 11 Civ. 9643, 2012 WL 3964734 (S.D.N.Y. Sept. 10, 2012) .......................................................................................................................... 10

*Walton v. Chase Home Fin. LLC*, No. 11 Civ. 0322, 2011 WL 1045067 (S.D.N.Y. Mar. 16, 2011) ............................................................................................................................ 8

*ZPC 2000, Inc. v. SCA Grp., Inc.*, 86 F. Supp. 2d 274 (S.D.N.Y. 2000) ....................................... 9

### Statutes

28 U.S.C. § 1391 ............................................................................................................................. 8

28 U.S.C. § 1391(a) ........................................................................................................................ 4

28 U.S.C. § 1404 ...........................................................................................................................8

9 U.S.C. § 4 .............................................................................................................................3, 10

Case 7:12-cv-05043-CS   Document 16   Filed 09/21/12   Page 4 of 14

iii

Respondent Swiss Reinsurance America Corporation ("Swiss Re") respectfully submits this Memorandum of Law in support of its Motion to Dismiss or Transfer the Petition or in the Alternative to Enjoin Arbitration Pursuant to Section 4 of the Federal Arbitration Act.

**PRELIMINARY STATEMENT**

OneBeacon America Insurance Co. ("OneBeacon") asks the Court to select one of its three hand-selected nominees to preside over its do-over arbitration on the *same* claims between the *same* parties regarding the *same* loss.  OneBeacon contends that it is now free to re-try the same arbitration from square one (as though a full-blown arbitration had not already been conducted), on the sole ground that, having lost the first arbitration, it has now developed an alternative ceding methodology to the one rejected by the Panel in the first proceeding.  Absent court intervention, OneBeacon's purposeful disregard for the principles of *res judicata* exposes Swiss Re to a repeating series of arbitrations seeking reinsurance coverage for the same asbestos non-products bodily injuries on an aggregated basis that does not comply with the terms of the contract between the parties.  This process will undoubtedly continue until OneBeacon finds an arbitration panel that agrees with its claim or a court puts a stop to it.  OneBeacon's baseless request for an umpire from among three candidates solely of its choosing should similarly be rejected, it being nothing more than a tactic by which OneBeacon hopes to shorten its search for a panel more favorable to its position than the last one.

Swiss Re maintains that all pre-hearing disputes under the Federal Arbitration Act (the "FAA") in connection with OneBeacon's improper arbitration demand must be heard by the District of Massachusetts.  OneBeacon's blizzard of irrelevant facts and inapplicable caselaw in opposing the instant motion does nothing to refute that unavoidable conclusion. The parties' contractually-agreed arbitral forum prevents this Court from intervening in the proposed arbitration proceeding under the FAA, not only in the form of an order to compel arbitration

1

(which OneBeacon concedes), but also an order appointing an arbitrator. Moreover, the well-recognized factors in favor of the transfer of this action to the District of Massachusetts strongly outweigh the typical deference provided to a plaintiff's chosen forum which—OneBeacon's indignant rejection of the charge notwithstanding—continues to appear to be the product of forum-shopping. In that regard, the fact that OneBeacon's counsel is located in this district is not a proper basis for this Court to retain jurisdiction, and in any event, is a dubious justification for this forum when OneBeacon's counsel knows full well that the proper jurisdiction is the court that previously rejected OneBeacon's first attempt to challenge the binding arbitral award.[1]

Swiss Re respectfully requests that the Court dismiss and/or transfer the petition such that all pre-hearing disputes under the FAA may be heard by the court sitting in the jurisdiction that (1) the parties contractually designated for resolution of their disputes; and (2) has the closest ties to the proposed duplicative arbitration.

## ARGUMENT

**I.      THE SOUTHERN DISTRICT OF NEW YORK IS AN IMPROPER VENUE**

OneBeacon does not (and cannot) dispute that any arbitration between the parties under the MLRT must take place in Boston. Neither does it dispute that courts repeatedly have held that Section 4 of the FAA mandates that "where the arbitration agreement designates a specific forum, only a district court in that forum may compel arbitration." *J.P. Morgan Sec. Inc. v. La. Citizens Prop. Ins. Corp.*, 712 F. Supp. 2d 70, 82-83 (S.D.N.Y. 2010) (collecting cases). Instead, OneBeacon's basis for venue is grounded in its misconception that the FAA is silent on the proper venue for petitioning to appoint an arbitrator. OneBeacon makes much of the fact that

---

[1] Notably, OneBeacon's counsel in the first arbitration was located in Philadelphia. Nonetheless, following the panel's award, OneBeacon respected the arbitral forum and sought to vacate the award in Massachusetts.

Section 5 of the FAA does not explicitly refer to the proper venue for a request to appoint an arbitrator.  Section 4 of the FAA, however, explicitly provides that both the arbitration "hearing and proceedings, under the [parties' agreement], shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4.

The compelled appointment of an arbitrator is indisputably an aspect of an arbitration *proceeding* and such appointment would not occur in the agreed arbitral forum as directed by the FAA if this Court were to entertain OneBeacon's requested relief.  Further, according to OneBeacon, if the Court were to appoint an arbitrator here, "there will be no reason or need" for further judicial intervention in the form of a motion to compel arbitration or otherwise and that the arbitration may proceed in Swiss Re's absence if Swiss Re refuses to participate. Opp'n Br. at 12.  Thus, in OneBeacon's view, the appointment of an arbitrator under Section 5 and the compulsion of arbitration under Section 4 carry no practical difference here, such that the appointment of an umpire by this Court will serve as an end-run to the rule that only the district court in which the arbitral forum is venued may compel arbitration.

OneBeacon's reliance on the Second Circuit's decision in *ACEquip Ltd. v. American Engineering Corp.*, 315 F.3d 151 (2d Cir. 2003) is unavailing.  The court's holding in *ACEquip* was limited to whether the district court was required to hold an evidentiary hearing on the question of whether there was a valid arbitration agreement between the parties in that case before appointing an arbitrator under Section 5 of the FAA.  Although the court observed that "[t]he appointment of an arbitrator is not the same as ordering arbitration," *id.* at 157, nowhere did it suggest that provisions of Section 4 universally have no effect on the court's power to appoint an arbitrator.  Venue was not at dispute in *ACEquip*, and in fact, the court expressly

3

noted that it "need not decide the exact contours of the different approaches a district court should take in considering . . . a motion to appoint an arbitrator." *Id.*

Equally deficient is OneBeacon's claim that venue is proper under 28 U.S.C. § 1391 because that statute does not apply where venue is "otherwise provided by law." 28 U.S.C. § 1391(a). The venue requirement of Section 4 is mandatory in the presence of a contractual arbitral forum, and thus 28 U.S.C. § 1391 is inapplicable here. Accordingly, OneBeacon's petition to appoint an arbitrator should be dismissed for improper venue.

## II. EVEN IF VENUE IN THE SOUTHERN DISTRICT OF NEW YORK WERE PROPER, ALL RELEVANT FACTORS FAVOR TRANSFER TO THE DISTRICT OF MASSACHUSETTS

Nothing raised by OneBeacon in its opposition brief refutes the obvious conclusion that even if venue were technically proper in the Southern District of New York, all notions of convenience, equity and fairness nonetheless require that this action be transferred to the District of Massachusetts. As explained in Swiss Re's initial moving papers, the parties have already expressed through the terms of the MLRT that the District of Massachusetts is the most convenient forum, all relevant underlying facts are deemed to have occurred there as a matter of law, and transfer would promote judicial efficiency.[2] The relevancy of these factors is

---

[2] OneBeacon does not appear to genuinely dispute that five of the factors typically considered by courts in deciding a motion to transfer venue—the convenience of witnesses; the location of relevant documents; the availability of process to compel witnesses; the relative means of the parties; and the comparative familiarity of each district with the governing law—do not have a material effect on the transfer analysis here. *See* Swiss Re Aug. 24, 2012 Mem. of Law at 10 n. 3. OneBeacon's hypothesis that this White Plains court "perhaps" may be more "well equipped to appoint any umpire" because New York City "is a commercial hub," Opp'n Br. at 12, is puzzling since OneBeacon requests the Court to select an arbitrator through the drawing of lots. *Id.* at 23-24. Although the Court should not reward OneBeacon's forum gamesmanship by retaining jurisdiction here, Swiss Re is confident that this Court and the District of Massachusetts are equally capable of interpreting federal law and arriving at a neutral umpire if appropriate, whether through OneBeacon's preferred method of chance or Swiss Re's request for the use of discretion. And, of course, if inclined to appoint an umpire, the potential candidates considered by the Court should include nominees of both Swiss Re and OneBeacon.

4

heightened here, where OneBeacon and the present dispute have no material ties to the Southern District of New York.

<u>Convenience of the Parties</u>:  Contrary to OneBeacon's suggestion, the mere fact that OneBeacon petitioned to appoint an arbitrator in this district before Swiss Re sought to enjoin arbitration elsewhere has no bearing on the convenience of all involved or Swiss Re's view of the appropriate forum. *Cf. Blechman v. Ideal Health, Inc.*, 668 F. Supp. 2d 399, 404 (E.D.N.Y. 2009) (granting transfer in the context of two competing actions because "proper forum should not be awarded as a prize to the winner of a race to the courthouse (internal quotation marks and citation omitted)).  Importantly, OneBeacon does not dispute that the parties already designated Massachusetts as the most convenient location to resolve disputes arising from the MLRT by selecting Boston as their arbitration forum.  *See* Vyskocil Decl., Ex. A art. 17(b); *G. Angel Ltd. v. Camper & Nicholsons USA, Inc.*, No. 06 Civ. 3495, 2008 WL 351660, at *5 (S.D.N.Y. Feb. 8, 2008).  Here, with one party residing in New York and the other in Massachusetts, the Court need not look further than the parties' agreement to find that Massachusetts, on balance, is most convenient for all.

<u>The Locus of Operative Facts</u>:  According to OneBeacon, the "single fact that is most germane to OneBeacon's claim is Swiss Re's decision not to participate in umpire selection." Opp'n Br. at 11.  OneBeacon criticizes Swiss Re for not discussing where that decision was made and surmises that it arose from consultation with Swiss Re's New York based attorneys. OneBeacon fundamentally misunderstands that it is the party-appointed arbitrators—not the parties or their counsel—who are called upon to arrive upon the selection of a neutral umpire. *See* Vyskocil Decl., Ex. A art. 17(b) (providing for an "umpire to be chosen as promptly as possible by the two arbitrators").  In any event, OneBeacon's speculation into the location of

certain persons while communicating on any number of occasions regarding certain topics (here, umpire selection) has explicitly been rejected by courts as a proper consideration for determining the locus of operative facts.  It is the contractually-agreed arbitration situs—not the location of certain actors while performing certain actions relating to the proceeding—that controls. *See Crow Constr. Co. v. Jeffrey M. Brown Assocs., Inc.*, No. 01 Civ. 3839, 2001 WL 1006721, at *3-4 (S.D.N.Y. Aug. 31, 2001); *Motion Picture Lab. Technicians Local 780 v. Mc Gregor & Werner, Inc.*, 804 F.2d 16, 18 (2d Cir. 1986).

In *Crow Construction*, the movant sought to transfer a petition to vacate an arbitration award from the Southern District of New York to the Eastern District of Pennsylvania, the district in which the underlying arbitration took place.  Like OneBeacon, petitioner Crow claimed in opposing transfer that the locus of operative facts was the Southern District of New York because its counsel communicated with the arbitration panel from that district.  Following the Second Circuit rule that the locus of operative facts in an action brought pursuant to the FAA is the arbitration situs, the court rejected petitioner's argument and transferred the petition to the Eastern District of Pennsylvania.  Specifically in regard to Crow's argument regarding the relevancy of the location of its attorney's communications, the court held:

> The arbitrators' actions are considered to have occurred where the arbitration was held, even if the arbitrators also acted elsewhere in connection with the arbitration. . . .  For the same reason, the Court rejects Crow's contention that operative facts occurred in this District, where Crow's attorney sent communications to, and received communications from, the AAA.  A party's hiring of counsel from a particular district, or the location of that counsel when he or she sends or receives a given communication, is purely fortuitous.  Like the location of an arbitrator when he or she actually drafts an award, the location of counsel at any given time is unpredictable and may have nothing to do with the arbitration itself.  Such facts cannot form the basis for determining venue.

*Crow Constr.*, 2001 WL 1006721, at *4 (citations omitted).

This Court should transfer the petition for the same reason. The location of any given actor involved in the issue of umpire selection here, whether the party-appointed arbitrators or counsel for the parties, is "purely fortuitous" and irrelevant to a transfer motion. The parties agreed that all arbitration under the MLRT would be held in Boston and under the FAA any related court proceedings must be in held in Massachusetts. With the previous arbitration having occurred in Boston and given that any further duplicative proceedings must occur in Boston by contract, as a matter of law all events relating to such proceedings are deemed to have occurred in the District of Massachusetts.

Judicial Economy: OneBeacon disputes the contention that it will be forced to petition the District of Massachusetts to compel arbitration even if this Court were to appoint an arbitrator, claiming that it may proceed in Swiss Re's absence. OneBeacon's procedural argument does not refute the underlying reality that at some point a federal court will be called upon to assess the *res judicata* effect of the first arbitration between Swiss Re and OneBeacon, regardless of whether the request takes the form of a petition to compel by OneBeacon or, if necessary, a Swiss Re petition to enjoin. Courts have repeatedly held (and OneBeacon does not dispute) that such proceedings must be held in the district in which the contractual arbitral forum is venued. *See, e.g.*, *J.P. Morgan Sec. Inc. v. La. Citizens Prop. Ins. Corp.*, 712 F. Supp. 2d 70, 82-83 (S.D.N.Y. 2010) (collecting cases). Therefore, it is in the interest of judicial economy to transfer the petition to the District of Massachusetts now such that a single court can resolve all pre-hearing disputes relating to the duplicative proceeding sought by OneBeacon.

OneBeacon's Choice of Forum Deserves Little Weight: OneBeacon attempts to justify its selection of the Southern District of New York based on the convenience of counsel and its interpretation of what it considers to be the relevant venue statute governing the petition, 28

7

U.S.C. § 1391.  Neither is relevant, much less dispositive, to the transfer issue here.  First, courts have consistently held that "the convenience of counsel is not an appropriate factor to consider on a motion to transfer." *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 374 (S.D.N.Y. 2006) (quotation omitted); *see Walton v. Chase Home Fin. LLC*, No. 11 Civ. 0322, 2011 WL 1045067, at *1 (S.D.N.Y. Mar. 16, 2011).  Second, even if OneBeacon were correct in its position that the Southern District of New York is a proper venue in light of 28 U.S.C. § 1391 (which it is not), it is an underlying assumption of a motion to transfer under 28 U.S.C. § 1404 that the transferor court is a statutorily proper venue. *See Solar v. Annetts*, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010); *Meyers v. Allstate Ins. Co.*, No. 08 Civ. 4769, 2009 WL 804672, at *2 (S.D.N.Y. Mar. 26, 2009).  OneBeacon's attempt to contest transfer here on the ground that venue is statutorily proper seeks to undermine the very purpose of the transfer statute and should be rejected out of hand.

  Importantly, OneBeacon is a Massachusetts company with its principal place of business located there. *See* Petition ¶ 3.  OneBeacon cannot and does not dispute that the typical deference provided to plaintiff's chosen forum is properly diminished where, as here, plaintiff commences an action in a jurisdiction that is not its residence. *See, e.g.*, *Dover Ltd. v. Assemi*, No. 08 Civ. 1337, 2009 WL 2870645, at *3 (S.D.N.Y. Aug. 5, 2009); *Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997).  OneBeacon's choice of a foreign jurisdiction is a proper basis alone to transfer the petition to the District of Massachusetts where all other relevant factors weigh in favor of transfer.  In addition, all material facts relevant to this proceeding derive from Massachusetts arbitration proceedings; the location of the offices of Swiss Re's attorneys and the location from where Swiss Re negotiated the MLRT over thirty years ago are of little relevance.  With such minimal connection to this proceeding, OneBeacon's chosen forum should be given

8

little weight, *see ZPC 2000, Inc. v. SCA Grp., Inc.*, 86 F. Supp. 2d 274, 280 (S.D.N.Y. 2000), especially here where OneBeacon has clear incentive to avoid the very court that rejected its first attempt to upset the arbitration panel's binding award. *See Grace v. Bank Leumi Trust Co. of N.Y.*, No. 02 Civ. 6612, 2004 WL 639468, at *4 (S.D.N.Y. Mar. 31, 2004).

### III.   IN THE ALTERNATIVE, THE COURT SHOULD ENJOIN ARBITRATION IN THE EVENT THAT IT FINDS THE SOUTHERN DISTRICT OF NEW YORK TO BE A PROPER VENUE

As discussed, the Southern District of New York is an improper venue to resolve a dispute under the FAA (whether arising under Section 4 or Section 5) regarding OneBeacon's proposed arbitration. However, in the event the Court finds the Southern District of New York to be a proper venue, it should enjoin OneBeacon from reasserting its duplicative claim.

OneBeacon's scouring of First Circuit caselaw to reveal an unexplained footnote and First Circuit dicta in its favor supports Swiss Re's view that it is unsettled in the First Circuit as to whether the preclusive effect to be given to an arbitral award is itself an arbitral issue. Further, OneBeacon's contention that it may reassert its claim under a different legal theory based on the notion that the panel rejected only the specific methodology used by OneBeacon is unfounded and would result in a bizarre outcome where a litigant could arbitrate over and over, changing its theory time and again in hopes it comes upon a plausible theory or a panel that rules in its favor.[3] Regardless of the specific ceding methodology advanced by OneBeacon in the prior arbitration, *res judicata* serves to bar claims that "were *or could have been* raised" in the prior action. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000)

---

[3] OneBeacon suggests that it should be afforded discovery to search for evidence that Swiss Re submitted a proposed award to the panel in the original arbitration that purportedly supports OneBeacon's position that its duplicative claim is not barred by *res judicata*. OneBeacon has already informally requested the production of this document. In response, counsel for Swiss Re conferred with relevant persons at Swiss Re and Choate Hall & Stewart LLP, counsel for Swiss Re in the first arbitration proceeding, none of whom recall such a document or can locate any evidence of its existence.

(emphasis added). "New legal theories do not amount to a new cause of action so as to defeat the doctrine of *res judicata*." *TechnoMarine S.A. v. Giftports, Inc.*, No. 11 Civ. 9643, 2012 WL 3964734, at *5 (S.D.N.Y. Sept. 10, 2012); *see Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that *res judicata* bars subsequent litigation even when the claims are "based upon different legal theories . . . provided they arise from the same transaction or occurrence"). OneBeacon chose the manner in which it would try its original claim and Swiss Re prevailed. The doctrine of *res judicata* prevents OneBeacon from reasserting that same claim dressed differently and protects Swiss Re from the prospect of endless attacks on its arbitral award. As such, an injunction barring further arbitration is warranted.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Petition or transfer it to the District of Massachusetts. In the alternative, in the event the Court finds the Southern District of New York to be a proper venue to resolve disputes between the parties pursuant to 9 U.S.C. § 4, it should enjoin the arbitration demanded by OneBeacon.

Dated: New York, New York
September 21, 2012

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By:  /s/ Mary Kay Vyskocil

Mary Kay Vyskocil  (mvyskocil@stblaw.com)
Jeffrey L. Roether  (jroether@stblaw.com)
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

*Counsel to Swiss Reinsurance America Corporation*

10